**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLIVIA MAGALLANES-CASTRO, | No. 2:14-CV-0569-CMK-P |
| Petitioner, | |
| vs. | <u>ORDER</u> |
| G-4-S SECURITY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.  Petitioner states that she was injured when she was being transported to court for an immigration hearing.  Petitioner adds: "We crashed.  This is negligence on his part."  Given the entirety of petitioner's claim, it is clear that petitioner seeks damages for injuries she claims were caused due to the negligence of

the named respondent, G-4-S Security.

A cognizable habeas corpus claim under 28 U.S.C. § 2254 arises when a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  In the instant case, petitioner alleges facts consistent with a state law tort claim based on negligence.  Because the facts alleged in this case do not relate to the fact or duration of petitioner's confinement, the matter is not the proper subject of a petitioner under § 2254.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed.  Petitioner is warned that failure to respond to this order may result in dismissal of the petition the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.

DATED: October 10, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE