**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLIVIA MAGALLANES-CASTRO, | No. 2:14-CV-0569-CMK-P |
| Petitioner, | |
| vs. | <u>ORDER</u> |
| G-4-S SECURITY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On October 14, 2014, the court directed petitioner to show cause in writing within 30 days why this petition should not be summarily dismissed. The court stated:

> Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. Petitioner states that she was injured when she was being transported to court for an immigration hearing. Petitioner adds: "We crashed. This is negligence on

1

his part." Given the entirety of petitioner's claim, it is clear that petitioner seeks damages for injuries she claims were caused due to the negligence of the named respondent, G-4-S Security.

A cognizable habeas corpus claim under 28 U.S.C. § 2254 arises when a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). In the instant case, petitioner alleges facts consistent with a state law tort claim based on negligence. Because the facts alleged in this case do not relate to the fact or duration of petitioner's confinement, the matter is not the proper subject of a petitioner under § 2254.

Petitioner was warned pursuant to Eastern District of California Local Rule 110 that failure to respond to the court's order could result in dismissal of the action for lack of prosecution as well as the reasons outlined above. To date, petitioner has not responded to the court's order to show cause.

Therefore, given petitioner's lack of prosecution in addition to the reasons outlined in the court's order to show cause, the court finds that summary dismissal of this petition is appropriate.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition

1 | states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775,
2 | 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)).
3 | For the reasons set forth in the court's October 14, 2014, order to show cause, the court finds that
4 | issuance of a certificate of appealability is not warranted in this case.

        Accordingly, IT IS HEREBY ORDERED that:

    1.     This action is summarily dismissed;

    2.     The court declines to issue a certificate of appealability; and

    3.     The Clerk of the Court is directed to enter judgment and close this file.

DATED: May 21, 2015

                                                  /s/ Craig M. Kellison
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE